1    AMY W. SCHULMAN
     DLA PIPER LLP
2    1251 Avenue of the Americas
     New York, NY 10020
3    Telephone: (212) 335-4500
     Facsimile: (212) 335-4501
4    amy.schulman@dlapiper.com

5    STUART M. GORDON (SBN: 037477)
     GORDON & REES LLP
6    Embarcadero Center West
     275 Battery Street, Suite 2000
7    San Francisco, CA 94111
     Telephone: (415) 986-5900
8    Facsimile: (415) 986-8054
     sgordon@gordonrees.com

9
     MICHAEL C. ZELLERS (SBN: 146904)
10   TUCKER ELLIS & WEST LLP
     515 South Flower Street, Suite 4200
11   Los Angeles, CA 90071
     Telephone: (213) 430-3400
12   Facsimile: (213) 430-3409
     michael.zellers@tuckerellis.com

13
     Attorneys for Defendants
14   PFIZER INC., PHARMACIA CORPORATION,
     AND G.D. SEARLE LLC

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                       SAN FRANCISCO DIVISION

18

19   IN RE BEXTRA AND CELEBREX MARKETING,  )   MDL Docket No. 1699
     SALES PRACTICES AND PRODUCTS          )
20   LIABILITY LITIGATION                  )   CASE NO. 3:08-cv-1854-CRB
                                           )
21   This document relates to              )   **PFIZER INC., PHARMACIA
                                           )   CORPORATION, AND G.D.
22   CAROL MAE GREENE, et al.,             )   SEARLE LLC'S ANSWER TO
                                           )   COMPLAINT**
                 Plaintiffs,               )
23                                         )
                                           )   **JURY DEMAND ENDORSED
24          vs.                            )   HEREIN**
                                           )
25   PFIZER, INC., PHARMACIA CORPORATION,  )
     G.D. SEARLE LLC, and MONSANTO         )
26   COMPANY,                              )
                                           )
27               Defendants.               )
                                           )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. ("Pfizer"), Pharmacia Corporation (formerly known

2    as "Monsanto Company"[1]) ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively

3    "Defendants") and file this Answer to Plaintiffs' Complaint ("Complaint"), and would

4    respectfully show the Court as follows:

### I.

### PRELIMINARY STATEMENT

7    The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

8    Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

9    Defendants may seek leave to amend this Answer when discovery reveals the specific time

10    periods in which Plaintiffs were prescribed and used Bextra®.

### II.

### ANSWER

13    1.    Defendants are without knowledge or information sufficient to form a belief as to the

14    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship,

15    Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.

16    Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining

17    allegations in this paragraph of the Complaint.

18    2.    Defendants are without knowledge or information sufficient to form a belief as to the

19    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship,

20    Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.

21    Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining

22    allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendants.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Bextra®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Bextra®, *see* PLAINTIFFS' COMPLAINT at ¶ 7, Defendants assume Plaintiffs mean to refer to 1933 Monsanto.  As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pfizer is a Delaware corporation.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6.      Defendants admit that Pharmacia is a Delaware corporation.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

7.      Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is a corporation

2    existing under the laws of the state of Delaware, having its principal place of business in the

3    State of Missouri.  The 2000 Monsanto is engaged in the agricultural business and does not and

4    has not ever designed, produced, manufactured, sold, resold, or distributed Bextra®.  As the

5    2000 Monsanto does not and has not ever designed, produced, manufactured, sold, resold, or

6    distributed Bextra®, Defendants therefore state that the 2000 Monsanto is not a proper party in

7    this matter and its presence does not defeat diversity jurisdiction.  Defendants deny the

8    remaining allegations in this paragraph of the Complaint.  Defendants state that the response to

9    this paragraph of the Complaint regarding Monsanto is incorporated by reference into

10   Defendants' responses to each and every paragraph of the Complaint referring to Monsanto

11   and/or Defendants.

12   8.    Defendants state that Bextra® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Bextra® were and are adequately described in its FDA-approved prescribing information, which

15   at all times was adequate and comported with applicable standards of care and law.  Defendants

16   admit that, as indicated in the package insert approved by the FDA, Bextra® is indicated for use

17   in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as

18   for the treatment of primary dysmenorrhea.  Defendants admit that, during certain periods of

19   time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be

20   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

21   with their approval by the FDA.   Defendants admit that, during certain periods of time, Bextra®

22   was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

23   distributed Bextra® in the United States to be prescribed by healthcare providers who are by law

24   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

25   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

26   9.    Defendants state that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information, which

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    at all times was adequate and comported with applicable standards of care and law.  Defendants

2    deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs

3    injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

4                    **Response to Allegations Regarding Background**

5    10.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

6    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

7    arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants admit that, during

8    certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United

9    States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

10   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

11   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

12   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

13   providers who are by law authorized to prescribe drugs in accordance with their approval by the

14   FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

15   11.    Defendants have insufficient knowledge or information to form a belief as to the truth of

16   the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®,

17   and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and

18   Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by

19   healthcare providers who are by law authorized to prescribe drugs in accordance with their

20   approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

21   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

22   distributed Bextra® in the United States to be prescribed by healthcare providers who are by law

23   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

24   any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage and deny the

25   remaining allegations in this paragraph of the Complaint.

26   12.    Defendants deny that Bextra® caused Plaintiffs injury or damage and deny the remaining

27   allegations in this paragraph of the Complaint.

28   13.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-5-

1  co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by

2  law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

3  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

4  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

5  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

6  accordance with their approval by the FDA. Defendants deny the remaining allegations in this

7  paragraph of the Complaint.

8  <u>**Response to Allegations Regarding Jurisdiction and Venue**</u>

9  14.    Defendants are without knowledge or information to form a belief as to the truth of the

10  allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in

11  controversy, and, therefore, deny the same. However, Defendants admit that Plaintiffs claim that

12  the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and

13  costs.

14  15.    Defendants state that this paragraph of the Complaint contains legal contentions to which

15  no response is required. To the extent that a response is deemed required, Defendants state that

16  Bextra® was and is safe and effective when used in accordance with its FDA-approved

17  prescribing information. Defendants state that the potential effects of Bextra® were and are

18  adequately described in its FDA-approved prescribing information, which was at all times

19  adequate and comported with applicable standards of care and law. Defendants deny any

20  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

21  <u>**Response to First Cause of Action: Strict Products Liability/Defective Design**</u>

22  16.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

23  Complaint as if fully set forth herein.

24  17.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.

26  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

27  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

28  authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® (valdecoxib) is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same. Defendants state that, in the ordinary case, Bextra® was expected to reach users and consumers without substantial change from the time of sale. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

22.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

23.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Products Liability/Failure to Warn**

24.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

25.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

27.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants deny the allegations in this paragraph of the Complaint.

29.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

30.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Negligent Design**

34.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

35.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

36.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:08-cv-1854-CRB

1  approved prescribing information, which was at all times adequate and comported with

2  applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra®

3  is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of

4  the Complaint.

5  37.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

7  Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and

8  effective when used in accordance with its FDA-approved prescribing information. Defendants

9  state that the potential effects of Bextra® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra®

12  is defective, and deny the remaining allegations in this paragraph of the Complaint.

13  38.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

15  Bextra®, and, therefore, deny the same. Defendants state that, in the ordinary case, Bextra® was

16  expected to reach users and consumers without substantial change from the time of sale.

17  Defendants state that Bextra® was and is safe and effective when used in accordance with its

18  FDA-approved prescribing information. Defendants state that the potential effects of Bextra®

19  were and are adequately described in its FDA-approved prescribing information, which was at all

20  times adequate and comported with applicable standards of care and law. Defendants deny any

21  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

22  39.    Defendants state that this paragraph of the Complaint contains legal contentions to which

23  no response is required. To the extent that a response is deemed required, Defendants deny the

24  allegations in this paragraph of the Complaint.

25  40.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

26  damage, and deny the remaining allegations in this paragraph of the Complaint.

27  41.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

28  damage, and deny the remaining allegations in this paragraph of the Complaint.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1

**Response to Fourth Cause of Action: Negligent Failure to Warn**

2    42.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3    Complaint as if fully set forth herein.

4    43.    Defendants state that this paragraph of the Complaint contains legal contentions to which

5    no response is required. To the extent a response is deemed required, Defendants admit that they

6    had duties as are imposed by law but deny having breached such duties. Defendants deny the

7    remaining allegations in this paragraph of the Complaint.

8    44.    Defendants state that Bextra® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information. Defendants state that the potential effects of

10   Bextra® were and are adequately described in its FDA-approved prescribing information, which

11   was at all times adequate and comported with applicable standards of care and law. Defendants

12   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

13   Complaint, including all subparts.

14   45.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information. Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information, which

17   was at all times adequate and comported with applicable standards of care and law. Defendants

18   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

19   Complaint.

20   46.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

21   damage, and deny the remaining allegations in this paragraph of the Complaint.

22   **Response to Fifth Cause of Action: Fraudulent Concealment**

23   47.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

24   Complaint as if fully set forth herein.

25   48.    Defendants state that Bextra® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information. Defendants state that the potential effects of

27   Bextra® were and are adequately described in its FDA-approved prescribing information, which

28   was at all times adequate and comported with applicable standards of care and law. Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    deny any wrongful conduct and deny the remaining allegations in this paragraph of the

2    Complaint.

3    49.    Defendants state that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information. Defendants state that the potential effects of

5    Bextra® were and are adequately described in its FDA-approved prescribing information, which

6    was at all times adequate and comported with applicable standards of care and law. Defendants

7    deny any wrongful conduct and deny the remaining allegations in this paragraph of the

8    Complaint.

9    50.    Defendants state that Bextra® was and is safe and effective when used in accordance

10    with its FDA-approved prescribing information. Defendants state that the potential effects of

11    Bextra® were and are adequately described in its FDA-approved prescribing information, which

12    was at all times adequate and comported with applicable standards of care and law. Defendants

13    deny any wrongful conduct and deny the remaining allegations in this paragraph of the

14    Complaint.

15    51.    Defendants state that Bextra® was and is safe and effective when used in accordance

16    with its FDA-approved prescribing information. Defendants state that the potential effects of

17    Bextra® were and are adequately described in its FDA-approved prescribing information, which

18    was at all times adequate and comported with applicable standards of care and law. Defendants

19    deny any wrongful conduct and deny the remaining allegations in this paragraph of the

20    Complaint.

21    52.    Defendants state that this paragraph of the Complaint contains legal contentions to which

22    no response is required. To the extent a response is deemed required, Defendants admit that they

23    had duties as are imposed by law but deny having breached any such duties. Defendants deny

24    the remaining allegations in this paragraph of the Complaint.

25    53.    Defendants state that the potential effects of Bextra® were and are adequately described

26    in its FDA-approved prescribing information, which was at all times adequate and comported

27    with applicable standards of care and law. Defendants any wrongful conduct and deny the

28    remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-13-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  54.    Defendants are without knowledge or information sufficient to form a belief as to the
2  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
3  Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the
4  remaining allegations in this paragraph of the Complaint.

5  55.    Defendants state that the potential effects of Bextra® were and are adequately described
6  in its FDA-approved prescribing information, which was at all times adequate and comported
7  with applicable standards of care and law.  Defendants any wrongful conduct and deny the
8  remaining allegations in this paragraph of the Complaint.

9  56.    Defendants state that the potential effects of Bextra® were and are adequately described
10  in its FDA-approved prescribing information, which was at all times adequate and comported
11  with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
12  remaining allegations in this paragraph of the Complaint.

13  57.    Defendants state that the potential effects of Bextra® were and are adequately described
14  in its FDA-approved prescribing information, which was at all times adequate and comported
15  with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
16  remaining allegations in this paragraph of the Complaint.

17  58.    Defendants are without knowledge or information sufficient to form a belief as to the
18  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used
19  Bextra®, and, therefore, deny the same.  Defendants state that the Bextra® label speaks for itself
20  and respectfully refer the Court to the label for its actual language and text.  Any attempt to
21  characterize the label is denied.  Defendants state that the potential effects of Bextra® were and
22  are adequately described in its FDA-approved prescribing information, which was at all times
23  adequate and comported with applicable standards of care and law.  Defendants deny any
24  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25  59.    Defendants deny concealing any information, deny any wrongful conduct, deny that
26  Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph
27  of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Sixth Cause of Action: Common Law Fraud**

60.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

61.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

63.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct  and deny the remaining allegations in this paragraph of the Complaint.

64.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

65.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Seventh Cause of Action: Breach of Implied Warranty**

66.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

67.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

68.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

69.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

70.     Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

71.     Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Eighth Cause of Action: Breach of Express Warranty**

72.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

73.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® (valdecoxib) is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

of primary dysmenorrhea. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

74.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny same. Defendants deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76.    Defendants any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

77.    Defendants any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Ninth Cause of Action: Negligent Misrepresentation**

78.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

79.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Complaint.

2  80.     Defendants are without knowledge or information sufficient to form a belief as to the

3  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

4  Bextra®, and, therefore, deny same.  Defendants state that Bextra® was and is safe and effective

5  when used in accordance with its FDA-approved prescribing information.  Defendants state that

6  the potential effects of Bextra® were and are adequately described in its FDA-approved

7  prescribing information, which was at all times adequate and comported with applicable

8  standards of care and law.  Defendants deny any wrongful conduct and deny the remaining

9  allegations in this paragraph of the Complaint.

10  81.     Defendants state that Bextra® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Bextra® were and are adequately described in its FDA-approved prescribing information, which

13  was at all times adequate and comported with applicable standards of care and law.  Defendants

14  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

15  Complaint.

16  82.     Defendants state that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Bextra® were and are adequately described in its FDA-approved prescribing information, which

19  was at all times adequate and comported with applicable standards of care and law.  Defendants

20  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

21  Complaint, including all subparts.

22  83.     Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

24  Bextra®, and, therefore, deny same.  Defendants state that the potential effects of Bextra® were

25  and are adequately described in its FDA-approved prescribing information, which was at all

26  times adequate and comported with applicable standards of care and law.  Defendants any

27  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

28  84.     Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-18-

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

85.    Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

86.    Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Tenth Cause of Action: Concert of Action

87.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

88.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

91.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct deny the remaining allegations in this paragraph of the Complaint, including all subparts.

92.     Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

93.     Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

94.     Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

95.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Response to Eleventh Cause of Action: Conspiracy**

2   96.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3   Complaint as if fully set forth herein.  Defendants deny any wrongful conduct and deny the

4   remaining allegations in this paragraph of the Complaint.

5   97.    Defendants state that Bextra® was and is safe and effective when used in accordance

6   with its FDA-approved prescribing information.  Defendants state that the potential effects of

7   Bextra® were and are adequately described in its FDA-approved prescribing information, which

8   at all times was adequate and comported with applicable standards of care and law.  Defendants

9   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

10  Complaint.

11  98.    Defendants state that Bextra® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants state that the potential effects of

13  Bextra® were and are adequately described in its FDA-approved prescribing information, which

14  at all times was adequate and comported with applicable standards of care and law.  Defendants

15  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

16  Complaint, including all subparts.

17  99.    Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information, which

20  at all times was adequate and comported with applicable standards of care and law.  Defendants

21  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

22  Complaint.

23  100.    Defendants state that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information, which

26  at all times was adequate and comported with applicable standards of care and law.  Defendants

27  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

28  Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

101.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Defendants deny the allegations set forth in the unnumbered paragraph following this paragraph of the Complaint, including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products.  Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-22-

**Third Defense**

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.    Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

**Eighth Defense**

8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants.

2                            **Eighteenth Defense**

3    18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent

4    conditions unrelated to Bextra®.

5                            **Nineteenth Defense**

6    19.    Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the

7    doctrine of assumption of the risk bars or diminishes any recovery.

8                            **Twentieth Defense**

9    20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are

10   preempted in accordance with the Supremacy Clause of the United States Constitution and by the

11   Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

12                           **Twenty-first Defense**

13   21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the

14   subject pharmaceutical product at issue was subject to and received pre-market approval by the

15   Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

16                           **Twenty-second Defense**

17   22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

18   Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

19   and Plaintiffs' causes of action are preempted.

20                           **Twenty-third Defense**

21   23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

22   jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

23   issue under applicable federal laws, regulations, and rules.

24                           **Twenty-fourth Defense**

25   24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action

26   concerning matters regulated by the Food and Drug Administration under applicable federal

27   laws, regulations, and rules.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-fifth Defense**

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of Wisconsin, West Virginia, and California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiffs' punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution and the Constitutions of California, West Virginia, and Wisconsin.

**Thirty-seventh Defense**

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Constitutions of Wisconsin, West Virginia, and California. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Thirty-ninth Defense**

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

**Fortieth Defense**

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Forty-first Defense**

2    41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

3    information and belief, such injuries and losses were caused by the actions of persons not having

4    real or apparent authority to take said actions on behalf of Defendants and over whom

5    Defendants had no control and for whom Defendants may not be held accountable.

6

**Forty-second Defense**

7    42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

8    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

9    intended, and was distributed with adequate and sufficient warnings.

10

**Forty-third Defense**

11    43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

12    waiver, and/or estoppel.

13

**Forty-fourth Defense**

14    44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-

15    existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses,

16    subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

17    independent of or far removed from Defendants' conduct.

18

**Forty-fifth Defense**

19    45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did

20    not proximately cause injuries or damages to Plaintiffs.

21

**Forty-sixth Defense**

22    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

23    did not incur any ascertainable loss as a result of Defendants' conduct.

24

**Forty-seventh Defense**

25    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

26    manufacturing, labeling, packaging, and any advertising of the product complied with the

27    applicable codes, standards and regulations established, adopted, promulgated or approved by

28    any applicable regulatory body, including but not limited to the United States, any state, and any

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

-29-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiffs would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

### Fiftieth Defense

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.  Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

### Fifty-second Defense

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the

1   Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

2   United States.

3                                    **Fifty-fourth Defense**

4   54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

5   required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

6                                     **Fifty-fifth Defense**

7   55.    Defendants state on information and belief that the Complaint and each purported cause

8   of action contained therein is barred by the statutes of limitations contained in California Code of

9   Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as

10  may apply.

11                                    **Fifty-sixth Defense**

12  56.    Defendants state on information and belief that any injuries, losses, or damages suffered

13  by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable

14  conduct of persons or entities other than Defendants.   Therefore, Plaintiffs' recovery against

15  Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

16                                   **Fifty-seventh Defense**

17  57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

18  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

19  Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

20  damages is also barred under California Civil Code § 3294(b).

21                                    **Fifty-eighth Defense**

22  58.    Defendants specifically plead as to any breach of warranty claim all defenses under the

23  Uniform Commercial Code, as enacted in the State of West Virginia, as existing and to the extent

24  the same may arise in the future.

25                                     **Fifty-ninth Defense**

26  59.    Defendants assert all defenses as set forth and as envisioned by the common law of West

27  Virginia for product liability matters.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:08-cv-1854-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Sixtieth Defense

60.    Defendants deny that Plaintiffs are entitled to recover on the basis of any strict liability theory.

### Sixty-first Defense

61.    Defendants reserve unto itself the right to have the fault of all persons and entities determined and allocated as required by law.

### Sixty-second Defense

62.    To the extent Defendants' liability, if any, is not the result of Defendants' own conduct, but instead, is derived solely by an obligation imposed by law, with respect to its association with another person or entity, Defendants are entitled to complete and total express and/or implied indemnity from such other person or entity, including third parties who are not yet parties to this action.

### Sixty-third Defense

63.    Plaintiffs' claim of injury and related claim for damages are speculative.

### Sixty-fourth Defense

64.    Plaintiffs received all or substantially all of the benefit from Bextra® that Plaintiffs hoped and intended Plaintiffs would receive, and to that extent, any damages and/or restitution that Plaintiffs may be entitled to recover from Defendants must be correspondingly reduced.

### Sixty-fifth Defense

65.    Plaintiffs have not been injured or damaged.  In the alternative, Plaintiffs have not been injured or damaged in the manner or to the extent Plaintiffs' claim.

### Sixty-sixth Defense

66.    Defendants are entitled to an offset, should any damages be awarded against it, in the amount of any damages or settlement payments recovered by Plaintiffs from other parties with respect to the same injury or injuries alleged in the Complaint.

### Sixty-seventh Defense

67.    Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part by collateral

1  sources.

2  **Sixty-eighth Defense**

3  68.    If Plaintiffs have received, or are now or subsequently become entitled to recover, any

4  compensation or benefits from any source in connection with the harm alleged in the Complaint,

5  the amount of damages, if any, which may be recoverable in this civil action, must be diminished

6  by the amount of such recovery, compensation or benefits.

7  **Sixty-ninth Defense**

8  69.    There is no basis in fact or law by which Plaintiffs are entitled to recover attorney fees

9  and costs (if any) from Defendants.    To the extent such fees and costs may be deemed

10  recoverable as to Defendants, Defendants asserts and preserve its right to contest the

11  reasonableness of the same.

12  **Seventieth Defense**

13  70.    Defendants assert and preserve all defenses relating to Plaintiffs' claims (if any) to

14  recover pre-judgment and/or post-judgment interest.

15  **Seventy-first Defense**

16  71.    To the extent the Complaint may seek injunctive or equitable relief, such relief is barred

17  because there exists an adequate remedy at law.

18  **Seventy-second Defense**

19  72.    Defendants reserve the right to supplement their assertion of defenses as they continue

20  with their factual investigation of Plaintiffs' claims.

21  **V.**

22  **PRAYER**

23  WHEREFORE, Defendants pray for judgment as follows:

24  1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

25  2.    That the Complaint be dismissed;

26  3.    That Defendants be awarded their costs for this lawsuit;

27  4.    That the trier of fact determine what percentage of the combined fault or other liability of

28  all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    losses or damages is attributable to each person;

2    5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

3          than an amount which equals their proportionate share, if any, of the total fault or other

4          liability which proximately caused Plaintiffs' injuries and damages; and

5    6.    That Defendants have such other and further relief as the Court deems appropriate.

6

7    May 15, 2008                          GORDON & REES LLP

8

9                                          By: :_____/s/_____

10                                             Stuart M. Gordon
                                               sgordon@gordonrees.com
                                               Embarcadero Center West
11                                             275 Battery Street, 20th Floor
                                               San Francisco, CA 94111
12                                             Telephone:  (415) 986-5900
                                               Fax:  (415) 986-8054

13

14   May 15, 2008                          TUCKER ELLIS & WEST LLP

15

16                                         By: :_____/s/_____

17                                             Michael C. Zellers
                                               michael.zellers@tuckerellis.com
                                               515 South Flower Street, Suite 4200
18                                             Los Angeles, CA 90071
                                               Telephone:  (213) 430-3400
19                                             Fax:  (213) 430-3409

20                                             Attorneys for Defendants
                                               PFIZER INC, PHARMACIA
21                                             CORPORATION, and G.D. SEARLE LLC

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

May 15, 2008                          GORDON & REES LLP


By: :_____/s/_____
    Stuart M. Gordon
    sgordon@gordonrees.com
    Embarcadero Center West
    275 Battery Street, 20th Floor
    San Francisco, CA  94111
    Telephone:  (415) 986-5900
    Fax:  (415) 986-8054

May 15, 2008                          TUCKER ELLIS & WEST LLP


By: :_____/s/_____
    Michael C. Zellers
    michael.zellers@tuckerellis.com
    515 South Flower Street, Suite 4200
    Los Angeles, CA 90071
    Telephone:  (213) 430-3400
    Fax:  (213) 430-3409

    Attorneys for Defendants
    PFIZER INC, PHARMACIA
    CORPORATION, and G.D. SEARLE LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111